**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **PETER LEBLANC** | : | |
| | : | |
| **v.** | : | **CA 05-294 ML** |
| | : | |
| **ASHBEL T. WALL, Director** | : | |
| **Rhode Island Department of Corrections** | : | |

**STATE OF RHODE ISLAND'S MOTION TO DISMISS**

Now comes the State of Rhode Island, by and through its attorneys, and, for the reasons expressed in the accompanying supporting memorandum, respectfully moves to dismiss plaintiff's "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a person in State Custody."

Respectfully submitted,

**STATE OF RHODE ISLAND**
By Its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

**AARON L. WEISMAN, #4438**
Assistant Attorney General
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

**CERTIFICATION**

I hereby certify that on the 12th day of September, 2005, I placed a copy of the within document in the U.S. mail, postage prepaid, to Peter LeBlanc at his last known address of P.O. Box 8274, Cranston, RI 02920.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **PETER LEBLANC** | : | |
| **v.** | : | **CA 05-294ML** |
| **ASHBEL T. WALL, Director** | : | |
| **RI Department of Corrections** | : | |

**STATE OF RHODE ISLAND'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S "PETITION UNDER 28 U.S.C. §2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY"**

Background

Petitioner was under a ten-year suspended sentence with ten years' probation imposed in October 1991 on his plea to a crime of aiding and abetting when he was discovered sitting on a toilet fully clothed after police entered an apartment to execute a search warrant; told to rise from the seat, petitioner flushed the toilet and the officer reached into the clear swirling water in time to recover a plastic bag containing two bags of a substance later found to be cocaine. This circumstance was considered sufficient to adjudge petitioner a violator of the terms of his probation, and, on October 27, 1995, he was ordered to serve three years of the suspended ten-year sentence, with seven years' probation. He appealed from that decision and the adjudication of violation was affirmed, the Supreme Court holding that the trial justice "had ample grounds" to be reasonably satisfied under the state standard that defendant was attempting to dispose of illegal drugs; however the imposition of the seven-year probation was vacated in that it would have illegally extended the probationary term beyond its original expiration date.

State v. LeBlanc, 687 A.2d 456, 456 & 457 (R.I. 1997)(*Mem*) [attached]. Three other issues raised on appeal were rejected as meritless: (1) that the defendant's right to confront witnesses was compromised by limiting his cross-examination to the scope of subjects covered on direct examination; (2) that a state statute governing the length of time a defendant may be held without bail pending a probation-revocation hearing was violated; and (3) that the Supreme Court should declare a rule requiring trial courts to inform defendants that they have a right to testify in their own behalf at a violation hearing, immune from use of that testimony against them at a later trial. Id. The decision was issued January 2, 1997.

Petitioner filed a subsequent application for postconviction relief in the Superior Court pursuant to state statute, R.I. GEN. LAWS § 10-9.1-1, on the ground his legal representation both at the violation hearing and on appeal was constitutionally deficient. Both counsel testified at the postconviction hearing March 14, 1997, and the application was argued and denied March 25, 1997. Petitioner's appeal from that denial was heard by the Rhode Island Supreme Court on May 21, 1999, and that Court denied and dismissed Petitioner's appeal (from the denial of his post-conviction relief application) in an unpublished May 27, 1999 Order. (*Please see attached*).

Petitioner, then, having unsuccessfully challenged his October 1995 adjudication of probation violation, subsequently sought habeas corpus relief in this Court. United States Magistrate Judge David L. Martin, however, concluded "that [since] the sentence which resulted from that violation of probation proceeding had been fully served", the Federal District Court "lack[ed] subject matter jurisdiction" over such habeas action; accordingly, he recommended that the habeas action be dismissed. (*Please see* the

October 19, 2004 *Report and Recommendation* in CA 04-296ML.) And this Court issued a November 16, 2004 *Order* accepting the Findings and Recommendation of the United States Magistrate Judge.

Petitioner is currently before this Court, seemingly again to challenge his "October 1995" adjudication of probation violation, and on apparently the same grounds he had previously raised in his past challenges to the October 1995 adjudication of probation violation. (*Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By a Person in State Custody* at 1, 6-7.)

Discussion

The State would respectfully ask that the above-captioned action be dismissed. First, for the reasons set forth in Magistrate Judge David Martin's October 19, 2004 *Report and Recommendation* in CA 04-296ML, Petitioner's completion of the challenged sentence would warrant dismissal. Second, the instant action would appear to be time-barred by 28 U.S.C. § 2244, which in relevant part provides for a "1-year period of limitation", which "limitation period shall run", as relevant to the instant case, "from *** the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review[.]" (28 U.S.C. § 2244(d)(1)(A).) The State would suggest that, even not counting the years during which Petitioner challenged his October 1995 adjudication of probation violation, more than one-year has elapsed since that date.

Finally, a third reason the State would suggest requires dismissal of the action, is that, as Petitioner has once before filed a habeas action in this Court, his current Petition is a "second or successive application", pursuant to 28 U.S.C. § 2254(b)(3)(A), which

provides that "[b]efore a second or successive application [for federal habeas relief] *** is filed in the district court, the applicant shall move in the appropriate *court of appeals* for an order authorizing the district court to consider the application" (*id.* (emphasis added).) This "provision allocates subject-matter jurisdiction to the court of appeals by stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward." (Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997).)

Conclusion

For the aforementioned reasons, the State would respectfully ask that the above-captioned habeas corpus be dismissed.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By Its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

**AARON L. WEISMAN, #4438**
Assistant Attorney General
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

**CERTIFICATION**

I hereby certify that on the 12th day of September, 2005, I placed a copy of the within document in the U.S. mail, postage prepaid, to Peter LeBlanc at his last known address of P.O. Box 8274, Cranston, RI 02920.