STATE
v.
Peter LeBLANC.

No. 96-97-C.A.

Supreme Court of Rhode Island.

Jan. 2, 1997.

Andrea Mendes, Aaron Weisman, Providence.

Paula Lynch Hardiman, Paula Rosin, Providence.

ORDER

Executing a search warrant at a house in Pawtucket, the police surprised the defendant, Peter LeBlanc, while he was sitting fully clothed on a toilet and flushing bags of suspicious packets down the hopper. Having caught the defendant in this compromising posture, the arresting officer quickly deduced that the defendant was attempting to dispose of controlled substances (as was later confirmed by testing). Discommoding the defendant, the officer deftly fetched the swirling drug bags from the toilet bowl before they could disappear. The trial justice who heard this evidence was reasonably satisfied that the defendant's actions violated his probation. We agree. [FN1]

FN1. We heard this matter pursuant to an order directing the parties to appear and show cause why we should not resolve the issues raised in this appeal without further briefing and argument. After reviewing the parties' submissions and hearing their arguments, we conclude that cause has not been shown and proceed to decide the merits of this appeal at this time.

The defendant was on probation from a prior sentencing. His probationary period was scheduled to end on October 9, 2001. However, in sentencing defendant for violating his probation, the trial justice extended defendant's probationary period beyond the original expiration date. This was error. G.L.1956 § 12-19-9; see also State v. Chabot, 682 A.2d 1377, 1379 (R.I.1996) (collecting cases). However, in all other respects we affirm the trial justice's decision.

Relying on the evidence, the trial justice had ample grounds to be "reasonably satisfied," see State v. Hazard, 671 A.2d 1225, 1227 (R.I.1996), that defendant was attempting to dispose of illegal drugs that had been in his possession. We also conclude that defendant's constitutional right to confront witnesses against him was not compromised by the trial justice's limitation of defendant's cross-examination to the scope of the subjects covered on the state's direct examination of its witnesses. Nor do we agree that the delay in holding the violation hearing against defendant breached § 12-19-9. See State v. Lawrence, 658 A.2d 890, 893 (R.I.1995) (although "§ 12-19- 9 * * * mandat[es] that a defendant may be held without bail pending a probation-revocation hearing 'for a period not exceeding ten (10) days [,]' * * * our interpretation of § 12-19-9 must ultimately turn on the nature and extent of a criminal defendant's conduct in contributing to the delay"). It appears from the record that defendant attempted to obtain private counsel to represent him and that, when he was unable to do so, a public defender had to be obtained to serve as his counsel. The defendant's being held without bail in excess of ten days arose from this situation and from the unavailability of defendant's lawyer to begin the hearing.

Finally, the trial justice was under no obligation to inform the defendant of his immunity rights if he chose to testify. See State v. DeLomba, 117 R.I. 673, 679-80, 370 A.2d 1273, 1276 (1977). That was his attorney's job. Accordingly, we reject the defendant's suggestion that this court should impose an obligation on trial justices to inform alleged probation violators of their immunity rights.

For these reasons, we affirm the decision of the trial justice adjudging the defendant to have violated his probation, and deny and dismiss the defendant's appeal on this issue. However, we sustain the defendant's appeal with respect to the trial justice's imposition of an extended sentence of probation and accordingly vacate that portion of the sentence that purported to extend the defendant's ***457** probation beyond its October 9, 2001 expiration date.

END OF DOCUMENT

Copr. © West 1999 No Claim to Orig. U.S. Govt. Works

**Supreme Court**

No. 97-601-C.A.
(PM 96-2980)

Peter LeBlanc :

v. :

State. :

**ORDER**

This case came before the Court for oral argument on May 21, 1999, pursuant to an order directing both parties to show cause why the defendant's appeal should not be summarily decided. After hearing the arguments of defendant who appeared pro se and of the state and reviewing the memoranda submitted by both parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be summarily decided.

The facts in this case are not in dispute and were thoroughly discussed in State v. LeBlanc, 687 A.2d 456 (R.I. 1997), where we affirmed a trial justice's decision adjudging the defendant, Peter LeBlanc, in violation of his probation. After our decision in LeBlanc, the defendant filed an application for post-conviction relief in the Superior Court. Proceeding pro se at the subsequent hearing, the defendant alleged deficient legal representation by his court-appointed attorney in the violation proceedings. The hearing took place on two different dates and numerous persons testified, including the defendant's court-appointed attorney, appellate attorney, brother, and the defendant himself. At the conclusion of this testimony, the hearing justice found no evidence of ineffective assistance of counsel and denied the defendant's

application. On appeal, the defendant challenges these determinations of the hearing justice. The remaining challenges advanced by the defendant are not relevant and shall not be addressed.

In his brief, defendant raised the argument that the hearing justice erred in not advising him of his right to counsel to aid in his application for post-conviction relief pursuant to G.L. 1956 chapter 9.1 of title 10. At oral argument, however, defendant stated that he wished to waive this issue. Consequently, we have no reason to address it.

The defendant's appeal of the denial of post-conviction relief also implicitly challenges the hearing justice's finding of no ineffective assistance of counsel. This Court has stated that upon reviewing any claim of ineffective assistance of counsel, the benchmark issue is whether "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Tarvis v. Moran, 551 A.2d 699, 700 (R.I. 1988) (quoting Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct 2052, 2064, 80 L. Ed.2d 674, 692-93 (1984)). The burden is placed on the defendant to show that the trial counsel's errors violated his or her Sixth Amendment guarantee to counsel and that he or she was prejudiced by counsel's inadequate performance. Tarvis, 551 A.2d at 700-01.

In the instant case, the hearing justice determined that defendant's counsel had performed satisfactorily on his behalf. Over the course of two different dates, defendant presented his full argument to the hearing justice, complete with testimony from his trial and appellate attorneys. The hearing justice allowed defendant to reopen his case, present the testimony of his brother, and testify on his own behalf. At the conclusion of this testimony, the hearing justice found that "even assuming all of the truth of the assertions brought against [defendant's trial counsel] in failing to contact [defendant's] brother and having minimal contact with the defendant before he

represented him at the violation hearing," no evidence of ineffective assistance of counsel existed.

This Court "will not overturn findings of a hearing justice in a postconviction-relief proceeding unless he or she overlooked or misconceived material evidence or was otherwise clearly wrong." McKenna v. State, 671 A.2d 804, 806 (R.I. 1996). Our review of the record confirms that the hearing justice correctly found that defendant failed to prove ineffective assistance of counsel. Based on this review, we cannot say that he overlooked or misconceived material evidence in this matter.

For the reasons stated, the defendant's appeal is denied and dismissed and the judgment of the Superior Court is affirmed.

Entered as an Order of this Court on this 27th day of May, 1999.

By Order,

Clerk