UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PETER LEBLANC, Petitioner, | : | |
| v. | : | |
| | : | CA 04-296ML |
| STATE OF RHODE ISLAND, et al., Respondents. | : | |

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

On July 19, 2004, the court received a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition") (Document #1) from Peter LeBlanc ("Petitioner"), who was then confined at the Adult Correctional Institutions ("ACI") in Cranston, Rhode Island. Petitioner identified the date of the judgment for which he sought relief as "Nov. 1995," Petition at 2, but also stated that his "[p]resent confinement is not due to this petition ... however[,] a review is necessary," id. at 5. This statement raised a question in the court's mind as to why review of the judgment was necessary if it was not the reason for Petitioner's confinement.

On August 16, 2004, the court issued an Order for Clarification (Document #6), directing Petitioner to state "why review of the November 1995 judgment via habeas corpus is necessary if it is not the reason for his current incarceration." Order for Clarification at 1 (footnote omitted). The Order for Clarification also directed Petitioner to identify six specific items which the court deemed helpful in determining what relief he was seeking. See id. at 1 n.1.[1]

---

[1] These six items were:

1) the judgment(s) he seeks to challenge by the Petition (Document #1); 2) the date(s) of the judgment(s); 3) the court

13

Petitioner filed a response to the Order for Clarification on September 23, 2004, but the response did not answer the question which the court had posed, nor did it address the six specific items which the court had identified. See Petitioner's Response for Clarification (Document #9). The court concluded that the best course of action was to schedule a hearing regarding Petitioner's response to the Order for Clarification and to use that occasion to determine what relief Petitioner was seeking. Accordingly, a hearing was scheduled for October 14, 2002.

On that date, Petitioner, who had been released from the ACI, and counsel for the State of Rhode Island appeared for the hearing. Through questioning, the court determined that Petitioner seeks by the present action to have this court review an unpublished decision of the Rhode Island Supreme Court, affirming the Superior Court's denial of Petitioner's application for post-conviction relief.[2] According to Petitioner, the application for post-conviction relief alleged that he had received ineffective assistance of counsel in connection with the violation of probation proceeding which was the subject of the Rhode Island Supreme Court opinion in State v. LeBlanc, 687 A.2d 456 (R.I. 1997). Petitioner stated that the sentence which resulted from that violation of probation proceeding had been

---

> which rendered the judgment(s); 4) what he has done to seek review of the judgment(s) in the state court; 5) what action has been taken by the state court in response to his request(s) for review; and 6) the date(s) on which the state court acted on his request(s).

Order for Clarification at 1-2 n.1.

[2] For purposes of this Report and Recommendation, the court accepts as true Petitioner's statements that the Rhode Island Supreme Court affirmed in an unpublished decision the Superior Court's denial of Petitioner's application for post-conviction relief.

fully served.[3]

After hearing from Petitioner that the sentence which resulted from the violation of probation proceeding in question had been fully served, the court expressed doubt whether the relief which Petitioner seeks could be obtained via habeas corpus. The court explained that the purpose of habeas corpus is to determine whether a person's confinement is lawful, and the court noted that Petitioner was not in custody. Petitioner declined an offer from the court for time to research and address the question of whether a habeas corpus action may be brought when the sentence being challenged has been fully served.[4] Thereafter, the court announced that it would research the issue itself and then issue a written opinion which would inform the parties as to their next step in this matter. This Report and Recommendation is that written opinion.

After researching the question, it is clear to the court that Petitioner has no standing to bring this action. "The first showing a § 2254 petitioner must make is that he is 'in custody pursuant to the judgment of a State court.'" Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 401, 121 S.Ct. 1567, 1572, 149 L.Ed.2d 608 (2001)(quoting 28 U.S.C. § 2254(a); id. at 401, 121 S.Ct. at 1573 ("[Petitioner] is no longer serving the sentences imposed pursuant to his 1986 convictions, and therefore

---

[3] At the hearing on October 14, 2004, Petitioner also expressed concerns about certain practices and procedures involving criminal defendants in the state courts, but Petitioner agreed with the court's observation that these practices and procedures were not related to the claim which is the basis for the present Petition.

[4] Petitioner indicated that he lacked the resources to undertake such research and noted that he had filed a Motion for Appointment of Counsel (Document #7). In response to this observation, the court explained that one of the factors to be considered in weighing a request for appointment of counsel is the meritoriousness of the action. If habeas corpus does not allow the relief which Petitioner seeks, there is no basis to appoint counsel.

cannot bring a federal habeas petition directed solely at those convictions."); accord Lefkowitz v. Fair, 816 F.2d 17, 21 (1st Cir. 1987)(finding that petitioner, who was "well past the end of his custody when [the petition] was filed, had no standing to pursue the Great Writ"); id. at 20 ("He who seeks the writ must be incarcerated, or under imminent threat of incarceration, in order to meet the custody requirement of the habeas statute.).

Petitioner's lack of standing also means that the court lacks subject matter jurisdiction. "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" Maleng v. Cook, 490 U.S. 488, 490, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989). "[A] sentence that has been fully served does not satisfy the custody requirement of the habeas statute ...." Lefkowitz v. Fair, 816 F.2d at 19 (quoting Tinder v. Paula, 725 F.2d 801, 803 (1st Cir. 1984). As subject matter jurisdiction is not present, the Petition should be dismissed, and I so recommend.

**Conclusion**

For the reasons stated above, I recommend that the Petition be dismissed because Petitioner lacks standing and the court does not have subject matter jurisdiction. Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); D.R.I. Local R. 32. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

David L. Martin
United States Magistrate Judge
October 19, 2004