UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**PETER LEBLANC**

v.                                                                    C.A. No. 05- 294 ML

**A.T. WALL**, Director of the
Rhode Island Department of Corrections

**Report and Recommendation**

Jacob Hagopian, Senior United States Magistrate Judge

This matter is before the Court on the *pro se* application of Peter LeBlanc ("LeBlanc" or "petitioner") for a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. LeBlanc, confined at the Rhode Island Department of Corrections, seeks to challenge a 1995 finding by the state court that he violated the terms and conditions of his probation. The Attorney General of the State of Rhode Island, designated a party-respondent, moved to dismiss the petition. LeBlanc objected thereto. This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation. For the reasons that follow, I recommend that the Attorney General's motion to dismiss be granted. I have determined that a hearing is not necessary.

**Discussion**

In 1995 a state Superior Court justice found Peter LeBlanc to be in violation of a previously imposed sentence of probation. LeBlanc appealed this determination to the Rhode Island Supreme Court. State v. LeBlanc, 687 A.2d 456 (R.I. 1997). He was not successful. Id. LeBlanc then challenged his probation violation by filing a motion for post conviction relief in the state courts. Again, he was not successful. LeBlanc v. State, No. 97-601-C.A. (R.I. 1999)(unpublished). Next,

LeBlanc filed a petition for a writ of habeas corpus in this Court challenging his probation violation. See LeBlanc v. State, C.A. 04-296 ML (D.R.I. filed July 19, 2004). The District Court dismissed the petition and no appeal was taken. See id.

LeBlanc now has filed another petition for a writ of habeas corpus in this Court challenging his 1995 probation violation. However, Title 28, United States Code § 2244(b)(3)(A) provides, in pertinent part:

> Before a second or successive application [for federal habeas relief] ... is filed in the district court the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A). This provision allocates subject matter jurisdiction to the court of appeals by stripping the district court of jurisdiction over a successive or second habeas petition unless and until the court of appeals has decreed that it may go forward. Pratt v. United States, 129 F.3d 54, 55-57 (1st Cir. 1997)(emphasis added); see also Felker v. Turpin, 518 U.S. 651 (1996). Therefore, before this Court may consider any further petitions for federal habeas relief filed by LeBlanc challenging his 1995 probation violation, authorization must be sought and given by the Court of Appeals. Without such authorization given in this case, this Court cannot consider LeBlanc's application. Accordingly, I recommend that the Attorney General's motion to dismiss be granted.

## Conclusion

For the reasons state above, I recommend that Attorney General's motion to dismiss be granted. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed.R.Civ.P. 72(b); Local Rule 32. Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d

2

4 (1st Cir. 1986)(per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d. 603 (1st Cir. 1980).

_____
Jacob Hagopian
Senior United States Magistrate Judge
Date: 19 oct 05

3