UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

PETER LEBALNC

V. C.A. 05-294 ML

ASHBEL T. WALL, Director
RI Deptartment of Corrections

PETITIONER'S ANSWER TO
REPORT AND RECOMENDATION

Now comes the Petitioner, Peter LeBlanc, and per direction of This court submits the following:

1. That there exists a genuine need for review of this matter,

2. That due to petitioner's lack of training in the law, he has been unable to effectively advance his position / cause.

3. Petitioner is attempting to have an unfavorable decision by the Rhode Island Supreme Court reviewed by this court

4. Since the sentence relative to that matter is expired, Petitioner seeks the following :

(A), That the petitioner did in fact receive ineffective assistance of counsel by both his appointed counsel at his probation revocation hearing and subsequent appeal therefrom

(B), That hearing justice at Post Conviction proceeding (Needham) Denied petioner's written request for appointment of counsel, and misconceived, misconstrued, or overlooked the evidence

(C). That the Rhode Island Supreme Court did not fully examine the matter in its unpublished decision LeBlanc v. State no C.A. 97-601 (R.I. 1999).

5. As respects Attorney appointed for the violation hearing pursuant to R.I.G.L. 12-19-9. Said attorney failed his client which resulted adversely.

(a). Failure to raise defense of Proper notice requirement pursuant to R.I. Crim. Rule 23 (f) See also State v. Lanigan 335 A2d 917.

(b). Failure to admit police report at the revocation hearing See sentencing before justice Nedham. Oct. 1995.

(c). Failure to review Pre-Sentence Report with his client.

(d). Failure to recognize attorney client previlage by dis cussing petitioner's case openly in the court house cell-block. See testimony of appointed counsel (Cosentino) at

Post conviction hearing.

(E). Failure to advise client of his right to use immunity See State v. Delomba 370 A2d 1273 and State v. LeBlanc 687 A2d 456

(F). Failure to comply with rules of professional conduct as respects communication with client R.I. Court rules 1.4

(G). Failure to discuss the matter fully so that his client could make knowing and intelligent decisions and make relevent risk assesments.
Counsel's cumulative errors constitute ineffective assistance.

6. On appeal in the matter of State v. LeBlanc 687 A2d 456 appellate counsel improperly raised issue of use immunity and subsequent rule request.

a. The R.I. Supreme court held in LeBlanc, that: "Finally, the trial justice was under no obligation to inform the defendant of his immunity rights if he chose to testify. That was his attorney's job". Citing State v. Delomba 370 A2d 1273.
True, it is the job of counsel to inform the client of all his legal options. Further in Flint V Mullen 1 371 F Supp 213 US Dist. Court (1973) R.I.

The Flint court held that: "First, before use immunity is of any value, the State must inform a party of its existence". See also State v. Begins 514 A2d 719 (1986 VT.) The Vermont Supreme court stated "Furthermore, Defendant was not told at the revocation hearing that, if she wished to speak in her defense, her testimony and its fruits would not be admissable against her at subsequent criminal trial on the underlying offense".

7. Rhode Island still places no obligation on the State to inform probationers at revocation proceeding of their immunity rights, neither on or off the record, in writing or otherwise Therefore; appellate counsel failed to fully understand or research the issue before it briefed its appeal.

Wherefore; the reasons proffered, petitioner states that there are genuine issues of fact, which, if reviewed by this court would produce a correct record and a sound and enlightened administration of justice and law. Petitioner seeks no other relief but a full review of his cause.

Respectfully Submitted

Pete LeBlanc

Peter LeBlanc pro se
P.O. BOX 8274 Cranston
Rhode Island 02920